UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

JAMES B. LLORCA,
    Plaintiff,

v.

USAA FEDERAL SAVINGS BANK (FSB),
    Defendant.
_____/

Case No.: _____

6:15 cv 829 orl 37 PBS

## COMPLAINT AND DEMAND FOR JURY TRIAL
## (INJUNCTIVE RELIEF SOUGHT)

1. Plaintiff, JAMES LLORCA, alleges violations by USAA FEDERAL SAVINGS BANK of 47 U.S.C. §227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), and Fla. Stat. §559.55 *et. seq.*, the Florida Consumer Collection Practices Act, ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Orange County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person and citizen of the State of Florida who resides in Orange County, Florida.

1

5. Plaintiff is an "alleged debtor."

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012) reh'g denied (May 25, 2012).

7. Plaintiff is a "consumer" as defined by Florida Statute §559.55(2).

8. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

9. Defendant, USAA FSB, is a FDIC-Insured Federal savings bank depository institution and wholly-owned subsidiary of USAA Capital Corporation, which is a wholly-owned subsidiary of United Services Automobile Association (USAA). USAA is headquartered in San Antonio, Texas (10750 McDermott Freeway, San Antonio, TX 78288), and licensed to conduct business in Florida.

10. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Aarow Fin. Servs., LLC*, -US- 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

11. USAA FSB has been attempting to collect a debt from Plaintiff through a campaign of telephone harassment/abuse against Plaintiff for a debt he could not afford to pay.

12. The calls alleged in this Complaint were placed by Defendant to Plaintiff's cell phone number, 321-229-2842.

13. This number (321-229-2842) is assigned to a phone carried by Plaintiff. Plaintiff was the party intended to be called by Defendant. Plaintiff was the recipient of all calls to this phone made by Defendant.

14. On or about late November 2014, Plaintiff expressly revoked his consent to Defendant's calls to his cell phone after being called by Defendant.

15. Despite the revocation of consent, Defendant continued to call Plaintiff on his cell phone dozens of times in an effort to collect the debt.

16. Plaintiff kept a log of these calls from January 26, 2015, forward. See attached **EXHIBIT 1**.

17. Plaintiff revoked his consent again (second revocation), on March 2, 2015, in an effort to stop the harassment following yet another call to his cell phone.

18. Thereafter, Defendant continued to call Plaintiff in an effort to collect the debt, making at least twelve (12) additional calls to Plaintiff's cell phone after the second revocation.

19. USAA FSB intentionally harassed and abused Plaintiff on numerous occasions by calling on back-to-back days, with such frequency as can reasonably be expected to harass.

20. On information and belief, the telephone calls were placed using automated telephone dialing (ATDS) or predictive dialer equipment without human intervention during the calling.

21. Each call USAA FSB made to Plaintiff was made using an "automatic telephone dialing system" (ATDS) or predictive dialer which has the capacity to store and produce telephone numbers to be called using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

22. Plaintiff believes the calls were made to him via predictive dialer or an ATDS based in part on a brief silence heard prior to speaking with a live representative.

23. Each call alleged in this Complaint that USAA FSB made to Plaintiff's phone was done so after Plaintiff revoked consent and without the express permission of Plaintiff.

24. USAA FSB has a corporate policy to use an automatic telephone dialing system or pre-recorded or artificial voice to individuals just as they did to Plaintiff's phone in this case.

25. USAA FSB is facing several other federal lawsuits alleging similar violations as stated in this Complaint.

26. USAA FSB has previously admitted to using an ATDS.

27. USAA FSB's corporate policy provided no means for Plaintiff to have his telephone number removed from the call list.

28. Plaintiff revoked his consent to USAA FSB's placement of telephone calls to his cellular phone by the use of an automatic telephone dialing system and/or pre-recorded or artificial voice prior to USAA FSB's placement of calls.

29. None of USAA FSB's calls to Plaintiff's cell phone after his consent was revoked were made for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. USAA FSB willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I

**(Violation of the TCPA)**

31. Plaintiff incorporates and re-alleges Paragraphs 1 through 30.

32. Defendant willfully violated the TCPA with respect to Plaintiff, including each of the auto-dialer calls made to Plaintiff's cellular phone after Plaintiff specifically notified Defendant to cease calling him.

33. Defendant knowingly violated the TCPA with respect to Plaintiff, including each of the auto-dialer calls made to Plaintiff's cellular phone after Plaintiff specifically notified Defendant to cease calling him.

34. Defendant repeatedly placed non-emergency telephone calls to Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II

### (Violation of the FCCPA)

35. Plaintiff incorporates and re-alleges paragraphs 1 through 30.

36. At all times relevant to this action, USAA FSB is subject to and must abide by the laws of the State of Florida, including Florida Statute §559.72.

37. USAA FSB has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

38. USAA FSB has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

39. USAA FSB's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable pursuant to Rule 38, *Federal Rules of civil Procedure*, and a judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Dated May 22, 2015.

        Respectfully submitted,

/s/Frank H. Kerney, III, Esq.
**FRANK H. KERNEY, III, ESQ.** (FBN 88672)
TARACKS RICKMAN & ASSOCIATES
3210 W. Cypress Street
Tampa, Florida 33607
P: (813) 281-2897
F: (813) 286-4166
FKerney@TheAdvocateForYou.com
KerneyLawAssistant@theadvocateforyou.com
Trial Counsel | Counsel for Plaintiff

| Date | Time called | | Number |
|---|---|---|---|
| 26-Jan | 10:47 | AM | (866) 932-6821 |
| 30-Jan | 9:53 | AM | (866) 932-6821 |
| 2-Feb | 9:44 | AM | (866) 932-6821 |
| 3-Feb | 9:52 | AM | (866) 932-6821 |
| 10-Feb | 9:23 | AM | (866) 932-6821 |
| 11-Feb | 9:36 | AM | (212) 210-9999 |
| 12-Feb | 9:33 | AM | (212) 210-9999 |
| 13-Feb | 8:47 | AM | (212) 210-9999 |
| 14-Feb | 11:52 | AM | (917) 522-0029 |
| 16-Feb | 11:43 | AM | (866) 932-6821 |
| 18-Feb | 11:16 | AM | Unavailable |
| 19-Feb | 8:51 | AM | (866) 932-6821 |
| 24-Feb | 11:36 | AM | Unavailable (no message left) |
| 25-Feb | 9:32 | AM | (866) 932-6821 |
| 26-Feb | 8:54 | AM | (212) 210-9999 |
| 26-Feb | 9:00 | AM | (917) 522-0029 |
| 27-Feb | 1:06 | PM | (866) 932-6821 |
| 2-Mar | 9:47 | AM | (212) 210-9999 |
| 2-Mar | 7:52 | PM | |

(This was when I called USAA the second time to request that they no longer call me. They said they could not stop the phone calls. I said it a second time and then hung up on them.)

| Date | Time called | | Number |
|---|---|---|---|
| 6-Mar | 11:31 | AM | (917) 522-0029 |
| 9-Mar | 11:31 | AM | (917) 522-0029 |
| 10-Mar | 9:36 | AM | (917) 522-0029 |
| 11-Mar | 11:00 | AM | (212) 210-9999 |
| 13-Mar | 10:50 | AM | (866) 932-6821 |
| 16-Mar | Unknown | | Unknown |
| 17-Mar | Unknown | | Unknown |
| 18-Mar | 10:06 | AM | (866) 932-6821 |
| 19-Mar | 8:55 | AM | (917) 522-0029 |
| 25-Mar | 10:52 | AM | (212) 210-9999 |
| 26-Mar | 9:32 | AM | (917) 522-0029 |
| 28-Mar | 9:21 | AM | (866) 932-6821 |
| 30-Mar | 10:35 | AM | Unavailable |
| 31-Mar | 10:53 | AM | (212) 210-9999 (no message left) |

EXHIBIT 1